■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v LAWRENCE FLIGHT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 20, 1975, convicting him of possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress physical evidence. Judgment reversed, on the law and the facts, motion to suppress granted, and indictment dismissed. Prior to the trial the defendant moved to suppress physical evidence seized from his taxicab after a routine stop by police officers. At a hearing held on May 13, 1975, the officer testified, in effect, that he believed that a robbery was in progress and that he was not aware of the commission of any traffic violations. The stop was precipitated by the fact that there had been other taxicab holdups in the area and the cab in question had turned around after seeing the officers. There were three other passengers in the vehicle and the officer saw one of them bending over in the back seat. The People concede, upon the authority of *People v Ingle* (36 NY2d 413), that the trial court erred in denying the motion after the initial hearing. On October 6, 1975 the People's motion to reopen the hearing to offer additional testimony by the officer was granted. The new testimony was to the effect that the officer had noticed that the vehicle was being operated in violation of the law, in that the cab had its off-duty signal on, with passengers inside. This testimony, if credited, would have justified the stop under the requirements of *People v Ingle (supra)*. The trial court adhered to its prior determination. Considering all of the circumstances presented, including the delay in the reopening of the hearing, the prior testimony of the officer, and the nature of the additional evidence presented, the motion to suppress should have been granted. Absent the evidence of the weapon, the indictment must be dismissed. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.